# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIPPO CORPORATION/INTERNATIONAL BRIDGE CORPORATION, A JOINT VENTURE | ) ) ) |
| Plaintiff/Counterdefendant, | ) ) |
| v. | ) CIVIL ACTION ) NO. 09-cv-0956 ) |
| AMEC EARTH & ENVIRONMENTAL, INC. | ) ) |
| Defendant/Counterclaimant. | ) |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                             December 11, 2009

Before this Court is Plaintiff's Motion For Protective Order Re: 30(b)(6) Deposition. Plaintiff seeks an order from this Court pursuant to Federal Rule of Civil Procedure 26 (c), protecting it from compliance with Defendant's Notice of Rule 30(b)(6) Deposition submitted on August 7, 2009 (hereinafter "30(b)(6) Notice"). For reasons set forth below, Plaintiff's Motion is denied.

## I. BACKGROUND

Plaintiff Nippo Corporation/International Bridge Corporation, a joint venture, filed the instant lawsuit against Defendant AMEC Earth & Environmental, Inc. to recover damages it allegedly incurred during performance of its subcontract to demolish and replace a runway at Anderson Air Force Base in Guam.[1] Prior to initiating this lawsuit, Plaintiff submitted a Request for Equitable Adjustment (hereinafter "REA") to Defendant, which Defendant rejected in its entirety.[2] The REA

---

[1] Compl. [Docket Entry No. 1] ¶¶ 5-10.

[2] Id. ¶ 10.

1

was drafted and compiled by Mr. Carl LaFraugh, a civil engineer consultant retained by Plaintiff to investigate and calculate potential claims against Defendant.[3]  Mr. LaFraugh calculated ten separate categories of damages and recoverable impacts against Defendant totaling over $19 million.[4]  The damage calculations and scientific methodology underlying Plaintiff's claims, to include labor hours, equipment costs, material costs, calculations of inefficiencies, delay impacts, overhead, and labor burdens incurred between 2005 and 2007 and are all addressed in the REA.[5]  Plaintiff's Complaint is based on the claims and calculations set forth in its REA.  Plaintiff intends to use Mr. LaFraugh as a testifying expert at trial.[6]

On August 7, 2009, Defendant sent a 30(b)(6) Notice to Plaintiff, requesting that Plaintiff designate a witness or witnesses to testify at a deposition in which fifteen topics would be addressed.[7]  The topics can be grouped into two categories: (i) topics regarding the "facts and circumstances" that resulted in the cost overruns alleged in the REA (Topics 1 and 12) and (ii) topics regarding the calculation of damages in the REA (Topics 2-11 and 13-15).[8]  After receiving the 30(b)(6) Notice, Plaintiff sent Defendant a letter objecting to each topic.[9]  Plaintiff and Defendant's counsel discussed the 30(b)(6) Notice via telephone on August 25, 2009, but were unable to reach

---

[3] Rosenfield Decl. [Docket Entry No. 46] ¶ 9.

[4] Id.

[5] Id. ¶¶ 10, 11.

[6] Id. ¶ 12.

[7] Id., Ex. A.

[8] Pl.'s Mot for Protective Order Re: 30(b)(6) Depo. [Docket Entry No. 44] at 3.

[9] Rosenfield Decl., Ex. B.

2

an amicable resolution.[10]  Plaintiff subsequently filed the instant Motion on August 28, 2009, requesting relief from compliance with Defendant's 30(b)(6) Notice.[11] Defendant filed its response on September 14, 2009; Plaintiff replied on September 30, 2009; and Defendant sur-replied on October 21, 2009.[12]  To date, Plaintiff has not produced a corporate deponent for any of the fifteen topics in Defendant's 30(b)(6) Notice.[13]  The Court has carefully reviewed Plaintiff's Motion and Reply, Defendant's Responses, and all accompanying materials, and this matter is ready for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 30(b)(6) states in pertinent part that,

> a party may name as the deponent a public or private corporation...and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and may set out the matters on which each person designated will testify...The person designated must testify about information known or reasonably available to the organization.[14]

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party...from annoyance, embarrassment, oppression, or undue burden or expense..."[15]  "It is well established that the party wishing to obtain a protective order bears the

---

[10] Rosenfield Decl. ¶ 5.

[11] Docket Entry Nos. 44 and 45.

[12] Docket Entry Nos. 49, 54, and 58.

[13] Def.'s Opp. Brief [Docket Entry No. 49] at 9.

[14] Fed. R. Civ. P. 30(b)(6) (West 2009).

[15] Fed. R. Civ. P. 26(c)(1) (West 2009).

3

burden of demonstrating that 'good cause' exists for the order."[16] In addition to bearing the burden to show good cause, the party moving for a protective order must demonstrate such cause with specificity "beyond bald assertions of harm for each specific request that it wants protection from."[17]

### III. DISCUSSION

Plaintiff asserts throughout its Motion that it will be prejudiced if a protective order is not granted as to Defendant's fifteen corporate witness deposition topics because the 30(b)(6) Notice demands incredible amounts of time, effort, and cost in educating multiple witnesses about every aspect of a complex, multi-year construction project and Defendant would gain an unfair advantage if it is able to usurp this Court's scheduling order by allowing its expert Mr. LaFraugh to be deposed twice - once as a 30(b)(6) designee and once an expert witness. In response, Defendant argues generally that its 30(b)(6) Notice sets forth specific topics requesting relevant factual information within the scope of FRCP 30(b)(6) and that it only seeks to inquire into the facts and circumstances related to Plaintiff's REA, which Plaintiff admits, forms the basis of its Complaint.[18] Defendant underscores the fact that Plaintiff's REA, which sets forth the very facts Plaintiff now alleges in its Complaint, was submitted to Defendant nearly one year prior to initiation of the instant litigation.[19]

#### A. 30(b)(6) Topics 1 and 12

Plaintiff contends that 30(b)(6) Notice Topics 1 and 12 do not meet the "reasonable particularity" standard established by FRCP 30(b)(6). Instead, both topics "unreasonably include

---

[16] Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 175 (E.D. Pa. 2004) (quoting Pansy v. Borough of Stroudsburg., 23 F. 3d 772, 786) (3d Cir. 1994).

[17] Id. at 196.

[18] Def.'s Opp. Brief at 2, 5.

[19] Def.'s Opp. Brief at 7-8.

4

essentially every factual event in the entire construction project [that spanned multiple years and involved many different individuals]...and will likely require multiple witnesses, many days of testimony, and an extraordinary amount of pre-deposition preparation."[20]  Plaintiff further contends that if Defendant "seeks factual testimony concerning the Project via a corporate deposition, it should narrowly tailor its topics to encompass specific, targeted aspects of the Project - instead of broadly seeking testimony regarding the Project as a whole that no single designee could possibly be expected to know or learn."[21]

The "reasonable particularity" requirement in Rule 30(b)(6), however, merely requires that the requesting party describe topics with enough specificity to enable the responding party to designate and prepare one or more deponents.[22]  The requirement does not limit the scope of discovery of relevant matters.[23]  In the instant case, the Court finds that Defendant's 30 (b)(6) Notice sets forth specific, particular subject areas that clearly provide relevant deposition topics about the issues in dispute.  For this reason, the Court concludes that Defendant has met its obligation under Rule 30(b)(6) to plead with reasonable particularity the matters on which it requests examination.

    **B.**       **30(b)(6) Topics 2-11 and 13-15**

Plaintiff contends that the 30(b)(6) Notice Topics 2-11 and 13-15 improperly seek to elicit expert opinion testimony regarding information contained in the REA, instead of factual testimony. Plaintiff argues that the majority of Defendant's 30(b)(6) deposition topics are effectively no

---

[20] Pl.'s Reply Brief at 2; see also, Pl.'s Mot at 3-4.

[21] Pl.'s Mot at 7.

[22] See Cabot Corp. v. Yamulla Enter.,Inc., 194 F.R.D. 499, 500 (M.D. Pa. 2000).

[23] Id.

5

different than contention interrogatories, seeking the underlying basis for the specific allegations and conclusions contained in the REA. Using Topic 9, as an example, Plaintiff asserts that Defendant inquires into the bases for the REA's calculations of damages stemming from Defendant-caused impacts to hot mixed asphalt work.[24] Plaintiff emphasizes throughout its Motion that it did not perform the calculations set forth in its REA and should not be expected to have specific knowledge of the author's scientific efforts or the specific level of scientific knowledge required by the 30(b)(6) Notice. Plaintiff contends that "because the calculations set forth in the REA require specialized training and education - and were prepared by an outside expert - it does not have an employee who can testify regarding such matters."[25] Rather, the only individual capable of adequately testifying about the REA calculation of damages is the REA's author, Mr. LaFraugh, Plaintiff's intended expert witness.[26] Plaintiff asserts that Defendant will gain an unfair advantage if it is permitted to depose Mr. LaFraugh as a 30(b)(6) designee and again later as an expert witness.[27] Plaintiff also argues that "it is unreasonable to expect that a lay witness could testify regarding scientific methodologies utilized in the REA such as 'measured mile' calculations and the application of 'labor burden percentage amounts.'"[28]

The Court agrees with Plaintiff's assertion that a 30(b)(6) deposition would be an improper vehicle for Defendant to inquire as to the bases underlying the calculation of damages set forth in

---

[24] Pl.'s Mot at 11.

[25] Rosenfield Decl. ¶ 17.

[26] Id.

[27] Pl.'s Mot at 8-9.

[28] Id.

6

the REA; however, in this instance, the Court has no indication from the pleadings, the 30(b)(6) Notice itself, or otherwise, that Defendant intends to use the corporate depositions for that purpose. The Court also agrees with Plaintiff's assertions that FRCP 30(b)(6) deposition topics exclusively seeking testimony regarding highly technical areas of project scheduling analysis, such as "labor burden percentage amounts", calculation of time-related costs, the application of a "measured mile" assessment, or any other such formulation, are not generally within the domain of a lay witness. The Court agrees that it would be an exercise in futility for Plaintiff to be expected to produce a corporate designee to testify regarding the actual calculations and methodologies applied by Plaintiff's expert in the REA. However, a designated 30(b)(6) lay corporate witness or witnesses would certainly be capable of discussing the relevant underlying facts and surrounding evidence that make up the calculations and assert damages within the REA. If none of Plaintiff's employees individually have sufficient direct knowledge concerning all areas of inquiry in the 30(b)(6) Notice, as asserted in Plaintiff's Motion, Plaintiff still has an obligation to designate and prepare one or more knowledgeable lay witnesses, in good faith, to represent the party.[29]

Plaintiff's argument that the 30(b)(6) deposition will elicit duplicative information also does not provide grounds for a protective order. The Court finds that the mere possibility of repetitious testimony is not by itself sufficient to justify a protective order barring the taking of depositions. The Court agrees that Defendant should be permitted to explore the facts and circumstances known to Plaintiff so that Defendant can ascertain and determine the nature of the allegations made against it. The Court further agrees with Defendant's assertion that it is inconceivable that no factual witnesses

---

[29] See State Farm Mut. Auto Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 207-208 (E.D. Pa. 2008) (holding that 30(b)(6) deposition was proper although case involved thousands of documents and "no witness or series of witnesses can know each one of the documents").

7

assisted in the preparation of the REA or that Plaintiff's allegations and costs claimed in the REA do not stem from some factual basis.

The Court finds that Plaintiff has not met its burden to show good cause under Rule 26(c)(1) for entry of a protective order regarding Defendant's 30(b)(6) Notice. Even where Plaintiff retained an expert to assist with the drafting of its REA, Plaintiff is not precluded from designating a corporate 30(b)(6) witness or witnesses for a deposition on the facts and circumstances underlying the document that forms the basis for the claims contained therein.

## IV.  CONCLUSION

For these reasons, Defendant is permitted to proceed with its 30(b)(6) depositions for the purpose of inquiring in the basis of all facts and events underlying the claims set forth in the REA, which, as Plaintiff states in its Motion, make up the instant lawsuit.[30] Plaintiff may designate any qualified lay witness(es) it wishes to serve as its corporate deponent designee(s). Plaintiff is not necessarily required to designate Mr. LaFraugh, albeit the drafter of the REA, in response to Defendant's 30(b)(6) Notice. Plaintiff, must, however, make a good faith effort to prepare its designee(s) to testify to matters known or reasonably available to the corporate entity that address the facts underlying its Complaint and REA.

An appropriate order follows.

---

[30] See Pl.'s Mot at 2.