# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIPPO CORPORATION/INTERNATIONAL BRIDGE CORPORATION, A JOINT VENTURE, | ) ) ) |
| Plaintiff/Counterdefendant, | ) ) ) CIVIL ACTION |
| v. | ) NO. 09-cv-0956 ) |
| AMEC EARTH & ENVIRONMENTAL, INC., | ) ) ) |
| Defendant/Counterclaimant. | ) |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                                      **February 12, 2010**

Before the Court is Defendant/Counterclaimant's Motion For Protective Order Re: Plaintiff's Third Amended Notice of Rule 30(b)(6) Deposition. Defendant seeks an order pursuant to Federal Rule of Civil Procedure 26(c), protecting it from compliance with Plaintiff's Third Amended Notice of Rule 30(b)(6) Deposition (hereinafter "Amended 30(b)(6) Notice"). For reasons set forth below, Defendant's Motion is denied.

## I. BACKGROUND

On March 4, 2009, Plaintiff Nippo Corporation/International Bridge Corporation, a joint venture, filed the instant lawsuit against Defendant AMEC Earth & Environmental, Inc. to recover over $18 million in damages it allegedly incurred during performance of its subcontract to demolish and replace a runway at Anderson Air Force Base in Guam (hereinafter "Project").[1] On March 31, 2009, Defendant countersued, seeking declaratory judgment and breach of contract damages for

---

[1] Compl. [Docket Entry No. 1] ¶¶ 5-10.

1

Plaintiff's alleged failure to timely fulfill its obligations under the subcontract.[2]

On January 14, 2010, Plaintiff served Defendant with its Second Amended 30(b)(6) Notice, setting forth twenty-eight examination topics.[3] On February 3, 2010, Defendant conferred with Plaintiff via telephone regarding the Notice. Plaintiff agreed to modify the deposition topics and served Defendant with its Third Amended 30(b)(6) Notice on February 4, 2010.[4] Defendant subsequently filed the instant Motion on February 8, 2010, requesting relief from compliance with Plaintiff's Amended 30(b)(6) Notice.[5] The Court has carefully reviewed Defendant's Motion and all accompanying materials and this matter is ready for disposition.

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 30(b)(6) states in pertinent part that,

> a party may name as the deponent a public or private corporation...and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and may set out the matters on which each person designated will testify...The person designated must testify about information known or reasonably available to the organization.[6]

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party...from annoyance, embarrassment, oppression, or undue burden or

---

[2] Answer [Docket Entry No. 10] ¶¶ 10-24.

[3] Def.'s Mot for Protective Order Re: Pl.'s Third Amended Notice of Rule 30(b)(6) Depo. [Docket Entry No. 67], Ex. A.

[4] Def.'s Mot, Ex. B.

[5] Docket Entry No. 67.

[6] Fed. R. Civ. P. 30(b)(6) (West 2009).

2

expense...."[7]  "It is well established that the party wishing to obtain a protective order bears the burden of demonstrating that 'good cause' exists for the order."[8]  In addition to bearing the burden to show good cause, the party moving for a protective order must demonstrate such cause with specificity "beyond bald assertions of harm for each specific request that it wants protection from."[9]

## III. DISCUSSION

Defendant seeks relief from compliance with three (3) topics set forth in Plaintiff's Amended 30(b)(6) Notice, specifically Topics 11, 17, and 19.  Topic 11 inquires about Defendant's "bases for amending and/or waiving the specifications related to hot mix asphalt to obtain approval from the Air Force for the hot mix asphalt job mix that was ultimately used on the Project"; Topic 17 inquires about the "reasons, according to [Defendant] why Hawaiian Rock Products, the JV, and/or [Defendant] were unable to develop a HMA job mix formula that met the original [Project specifications]"; and Topic 19 inquires about Defendant's "direction to [Plaintiff] regarding spall repair, handfinishing, excess paste, and rain damage."

Defendant asserts that Topics 11, 17, and 19 do not meet the requirements of FRCP 30(b)(6) because the inquiries "are vague and not sufficiently connected to the construction project that forms the subject matter of [Plaintiff's] case" and as a result, Defendant "does not possess the information necessary to adequately designate and prepare a deponent to respond..."[10]  The "reasonable particularity" requirement in Rule 30(b)(6), however, merely requires that the requesting party

---

[7] Fed. R. Civ. P. 26(c)(1) (West 2009).

[8] Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 175 (E.D. Pa. 2004) (quoting Pansy v. Borough of Stroudsburg., 23 F. 3d 772, 786 (3d Cir. 1994)).

[9] Id. at 196.

[10] Def.'s Mot at 1-2.

3

describe topics with enough specificity to enable the responding party to designate and prepare one or more deponents.[11] The requirement does not limit the scope of discovery of relevant matters.[12]

As such, the Court sees no reason why Defendant cannot designate and prepare one or more deponents to testify on its behalf regarding the underlying reasoning of decisions made by its corporate body during performance of the Project, as requested in Topic 17. The Court, however, does not expand Topic 17 to include testimony about underlying decisions made by Plaintiff, as this would be information that goes well beyond the purview of Defendant's knowledge. As to Topics 11 and 19, although Plaintiff did not define the terms "direction" or "bases" in its Amended 30(b)(6)Notice, the Court does not find the topics to be "vague and overbroad"as asserted by Defendant. The words "direction" and "bases" as used in the context of these deposition inquiries can reasonably be expected to be given their plain and ordinary meaning.

For these reasons, the Court concludes that Plaintiff has met its obligation under Rule 30(b)(6) to plead with reasonable particularity the matters on which it requests examination. The Court further finds that Plaintiff's Amended 30(b)(6) Notice sets forth specific, particular subject areas that clearly provide relevant deposition topics about the issues in dispute. If none of Defendant's employees individually have sufficient direct knowledge concerning Topics 11, 17, and 19, as asserted in Defendant's Motion, Defendant still has an obligation to designate and prepare one or more knowledgeable witness, in good faith, to represent the party.[13] Inasmuch as Defendant has

---

[11] See Cabot Corp. v. Yamulla Enter.,Inc., 194 F.R.D. 499, 500 (M.D. Pa. 2000).

[12] Id.

[13] See State Farm Mut. Auto Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 207-208 (E.D. Pa. 2008) (30(b)(6) deposition was proper although case involved thousands of documents and "no witness or series of witnesses can know each one of the documents").

already informed Plaintiff that "Mr. McQuiston [is its] designee for most of [the twenty-eight deposition] topics", Defendant's argument that the Amended 30(b)(6) Notice deposition will "create an unfair risk of liability" to Defendant does not provide adequate grounds for a protective order.[14] The Court finds that Defendant has not met its burden to show good cause under Rule 26(c)(1) for entry of a protective order regarding Plaintiff's Amended 30(b)(6) Notice.

The Court further notes that less than two months ago, in December 2009, it addressed quite similar issues when the Court was presented with Plaintiff's Motion For Protective Order Re: 30(b)(6) Deposition.[15] The Court denied Plaintiff's motion based, in part, on the logic and law that Defendant argued in opposition to that motion. It is ironic that Defendant now presents mirror-image arguments to those offered by Plaintiff in its prior motion. To grant Defendant its requested relief in this instance would undermine the Court's findings and legal reasoning as expressed in its December 11, 2009 Memorandum Opinion regarding a very similar, if not identical, 30(b)(6) deposition dispute.

The Court additionally notes that Defendant failed to comply with Local Rule 26.1, requiring that "no motion...governing discovery...shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."[16] Not only does Defendant's Motion lack the required certification, Defendant's supporting documents do not demonstrate a reasonable effort made on Defendant's part to resolve the dispute. In Plaintiff's cover letter attached to its Amended 30(b)(6) Notice, Plaintiff asks Defendant to "review [revised Topics 11, 17, and 19]

---

[14] Def.'s Mot at 6; Def.'s Mot, Ex. B at 2.

[15] See Docket Entry Nos. 60 and 61.

[16] Local Civil Rule 26.1(f).

5

and tell [Plaintiff] whether [Defendant's] objections remain."[17] Defendant responded by filing the instant Motion, rather than engaging in the required dialogue regarding the deposition issues. A single attempt to reach agreement does not constitute reasonable efforts on the part of Defendant.

## IV. CONCLUSION

For these reasons, Plaintiff is permitted to proceed with its corporate deposition(s) as outlined in its Amended 30(b)(6) Notice. Defendant must make a good faith effort to prepare its corporate deponent designee(s) to testify to matters known or reasonably available to the corporate entity that address inquiries in Plaintiff's Amended 30(b)(6) Notice.

An appropriate order follows.

---

[17] See Def.'s Mot, Ex. B. at 2.