# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIPPO CORPORATION/INTERNATIONAL BRIDGE CORPORATION, ) ) ) Plaintiff/Counterdefendant, ) ) v. ) ) AMEC EARTH & ENVIRONMENTAL, INC. ) ) Defendant/Counterclaimant. ) | CIVIL ACTION NO. 09-cv-0956 |

## ORDER

AND NOW, this 30th day of March 2011, upon consideration of the motion by Defendant and Counterclaimaint AMEC Earth & Environmental, Inc. ("AMEC") to Strike the Declaration of Richard Root [doc. no. 90], the response in opposition by Plaintiff and Counterdefendant Nippo Corporation/International Bridge Corporation ("the Joint Venture") [doc. no. 93], and AMEC's Reply [doc. no. 95], and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that AMEC's motion is **GRANTED.** Accordingly, paragraph 27 of the Declaration of Richard Root submitted in opposition to AMEC's motion for partial summary judgment [doc. no. 87-5] and all references to the opinion contained in that paragraph that may be made in the Joint Venture's Memorandum of Law [doc. no. 87], the Joint Venture's Response to AMEC's Statement of Material Facts Not in Dispute [doc. no. 87-1], the Joint Venture's Statement of Material Facts [doc. no. 87-2 ] and in any other related documents filed response to AMEC's motion for partial summary judgment that may reference the opinion are hereby **STRICKEN**.

This Order is entered without prejudice, subject to the following additional sanctions

entered:

1.	The Joint Venture is granted leave to, within **fourteen (14) days** from the date of this Order, submit a motion for leave of Court to serve a supplemental report by its expert Richard Root that complies with the requirements of Rule 26(a)(2) and the content of which is limited to the subject matter addressed in paragraph 27 of the above-referenced Root summary judgment declaration;

2.	Should the Court grant such motion, the Parties shall have **sixty (60) days** from the date of such order to conduct additional expert discovery limited to: (a) production and service by the Joint Venture of the supplemental expert report referenced in paragraph (1) of this Order; (b) production and service by AMEC of a rebuttal report by AMEC's designated expert limited to the subject matter of the Joint Venture's supplemental report; and (c) depositions of each Party's expert, limited solely to the subject matter of the above-referenced supplemental and rebuttal reports;

3.	The Parties shall, within **fourteen (14) days** of the date on which expert discovery closes, submit any supplemental briefing and appropriate exhibits provided that such are limited solely to AMEC's Motion for Partial Summary Judgment as to the HMA claims (Count 2 and Portions of Count 7 of the Complaint). Supplemental memoranda shall not exceed five (5) pages double-spaced;

4.	The following motions are hereby **STAYED** pending further action from this Court:

> a. The Joint Venture's Motion for Partial Summary Judgment re: Liquidated Damages [doc. no. 70];
>
> b. The Joint Venture's Motion for Partial Summary Judgment re: Undisputed Change Orders [doc. no. 79];

c. AMEC's Motion for Partial Summary Judgment [ doc. no. 80];

5. The **Clerk of Court** shall mark this action **CLOSED** for statistical purposes and place the matter in the civil suspense file pending further order of the Court. And it is further Ordered that the Court shall retain jurisdiction and the case be returned to the trial docket when it is in a status such that the Court may proceed to consideration of dispositive motions.

It is so **ORDERED**.

**BY THE COURT:**

**Cynthia M. Rufe**
**CYNTHIA M. RUFE, J.**