# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIPPO CORPORATION/INTERNATIONAL BRIDGE CORPORATION, A JOINT VENTURE,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>AMEC EARTH & ENVIRONMENTAL, INC.,<br><br>Defendant/Counterclaimant. | CIVIL ACTION<br>NO. 09-0956 |

## ORDER

**AND NOW,** this 1st day of April 2013, in accordance with the Court's Findings of Fact, Conclusions of Law and Memorandum Opinion entered in the above-captioned action this day, it is hereby **ORDERED** that:

1. Judgment is entered in favor of Plaintiff Nippo Corporation/ International Bridge Corporation ("the Joint Venture" or "the JV") as to the JV's Hot Mix Asphalt claim, and the JV is entitled to recover time-delay damages and costs associated thereto, to be calculated by the Parties in accordance with the Court's rulings on that claim;

2. Judgment is entered in favor of the JV as to the JV's Aggregate Base Course claims only for claim regarding the sink hole and related base course issues between Station 40 and Station 60 of the Project, and the JV is entitled to recover for the costs and delays (to the extent those delays impacted the critical path of the Project) directly associated with the later repair and/or replacement of that work, to be calculated by the Parties;

3. Judgment is entered in favor of the JV as to limited portions of its Portland Cement Concrete Paving claims related to Rain Damage, and the JV is entitled to compensation for the cost of grinding <u>Lots 9 and 35</u>, to compensation for <u>nine of thirty-eight removed

panels that AMEC knew and acknowledged did not require replacement, and to compensation for grinding 104 panels that were shown to have negligible surface damage; the JV is not entitled to compensation for the remaining claimed lots or panels; this compensation is limited to the cost of the repair or removal and replacement, to be calculated by the Parties;

4. Judgment is entered in favor of the JV only as to the portion of its Portland Cement Concrete Paving "Post-Completion Delay" claims related to the "unreasonable administration of pavement acceptance," for which the JV is entitled to an extension and recovery of its time-related delay damages, to be calculated by the Parties;

5. As to the JV's "Additional PCCP Claims & Issues," judgment is entered in favor of the JV only as to (a) interest on progress payments withheld by AMEC for Lot 35; and (b) the JV's costs for consulting services provided in connection with the assessment of alleged rain damage and the acceptance and repair issues during Project close-out;

6. Judgment is entered in favor of the JV in part as to its claim regarding Liquidated Damages withheld by AMEC pursuant to the Subcontract's liquidated damages clause, and the JV is entitled to recover (a) liquidated damages incorrectly withheld before July 10, 2006; (b) sixty-two (62) days of liquidated damages withheld after March 30, 2007; and (c) liquidated damages for days of critical path delay attributable to AMEC, to be calculated by the Parties in accordance with the Court's Opinion;

7. Judgment is entered in favor of the JV as to its claim for Prejudgment Interest at a rate of 5.25%, commencing on May 31, 2007, to be calculated by the Parties; and

8. Judgment is entered in favor of the JV as to the following Change Order Requests ("CORs"), and the JV is entitled to recover the following amounts, plus prejudgment

interest:

    a. All undisputed CORs, in the sum total of $246,066.46;

    b. COR 8, in the amount of $44,384;

    c. COR 30, in the amount of $3,803.43;

    d. COR 39, in the amount of $8,748.51;

    e. CORs 4 & 42, in the amount of $12,000;

    f. COR 24, in the amount of $73,408.32;

    g. CORs 31 & 40, in the amount of $41,005.05; and

    h. COR 45, in the amount of $17,721.40.

9. Judgment is entered in favor of Defendant AMEC Earth and Environmental, Inc. ("AMEC") as to all other claims and unpaid CORs, with the exception of the JV's claims for REA Consulting Costs, which the Parties are directed to re-brief in accordance with the Court's Opinion.

Finally, it is **ORDERED** that the Parties' counsel are directed to meet and confer within **thirty (30) days** of the date of this Order, and submit to the Court a joint proposed damages analysis in accordance with this Order and the Court's rulings in the Opinion entered this day.

It is so **ORDERED.**

                                              **BY THE COURT:**

                                              **/s/ Cynthia M. Rufe**

                                              _____
                                            **HON. CYNTHIA M. RUFE**
                                            **UNITED STATES DISTRICT JUDGE**