## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIPPO CORPORATION/INTERNATIONAL BRIDGE CORPORATION, a Joint Venture<br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>AMEC EARTH & ENVIRONMENTAL, INC.<br>    Defendant/Counterclaimant. | CIVIL ACTION NO. 09-956 |

## ORDER

After this Court entered its findings of fact and conclusions of law following a lengthy non-jury trial in the case, the parties agreed to submit the determination of their calculations of damages to a Special Master for a report and recommendation. The order appointing Gene D. Cohen as Special Master provided in part that "[a]ny party may file objections to any report and recommendation, stating the specific basis for the objections and the relief sought, within 21 calendar days of the date the report and recommendation is filed with the Court."[1] On March 26, 2014, the Court determined that "all arguments raised in the [previously-filed] Motions for Reconsideration . . . are deemed to have been timely filed, and are preserved, and the Motions are dismissed without prejudice to the filing of comprehensive motions for reconsideration, as appropriate, after the damages issues have been finally determined."[2] The Special Master filed the Report and Recommendation setting forth the damages calculations flowing from the Court's findings of fact and conclusions of law with the Court on April 14, 2014, and counsel received ECF notice of the filing.[3] On May 13, 2014, Plaintiff filed a motion for approval of the Report and Recommendation, noting that no objections had been filed.[4] The next day, Defendant filed

---

[1] Order of August 6, 2013 at 1-2 [Doc. No. 278].

[2] Order of March 26, 2014 at 2 [Doc. No. 305].

[3] Doc. No. 307.

[4] Doc. No. 309 [emphasis omitted].

an opposition to this motion, arguing that the Court's Order of March 26, 2014, "permits the parties to submit renewed and comprehensive Motions for Reconsideration for determination following the submission of the Special Master's Report and Recommendations and in advance of further pleadings."[5] This interpretation of the Court's Order does not make sense; the Court expressly ordered that Motions for Reconsideration could be refiled *after the damages issues had been determined.* The entire point of the Report and Recommendation was to assist the Court in the determination of the damages, which by the terms of the Court's Order had to precede any motions for reconsideration. Defendant therefore failed to file timely objections to the Report and Recommendation, and the Court determines that Defendant has not shown good cause or excusable neglect.[6] The Court has reviewed carefully the Report and Recommendation of the Special Master and agrees with the substantive damages calculations contained therein. A separate judgment order will be entered.

## SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO REA COSTS

As noted in the Report and Recommendation, "the Court did not rule on the specific issue of JV's potential entitlement to the recovery of consulting costs (and the specific amount of such costs) JV incurred in connection with its preparation of the request for equitable adjustment ('REA')."[7] The Special Master therefore set forth his calculations of the damages associated with the REA costs in the event the Court determined such costs were recoverable.[8] Having considered the additional briefing on the question [Doc. Nos. 266 and 267], the Court now determines that REA costs are not recoverable, for the following reasons.

---

[5] Doc. No. 310 at 5.

[6] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 403 (1993).

[7] Report and Recommendation at 5.

[8] *Id.* at 35.

2

The Court in its earlier Opinion held that "the procedural and administrative provisions of the prime contract between AMEC and the Government, including the application of the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-7109 *(formerly codified at* §§ 601-613), do not necessarily apply to disputes between AMEC and the JV unless *specifically* incorporated into the Subcontract, rather than incorporated, as they are here, as part of a very broad 'flow-down' of a lengthy list of Federal Acquisition Regulations ('FAR') clauses."[9] The JV argues that the costs are recoverable pursuant to FAR 31.205-33. However, FAR 31.205-33 is one of those clauses that is procedural or administrative, and therefore, in accordance with the Court's April 1 Opinion, because FAR 31.205-33 was not specifically incorporated into the Subcontract, it does not apply.

The JV also argues that is entitled to reimbursement for the REA consultant costs under FAR 52.243-04, which is specifically incorporated into the Subcontract, and under a separate "Changes in Work" clause in the Subcontract. FAR 52.253-04 provides for equitable adjustments following a change that causes an increase or decrease in the contractor's cost of, or the time required for, performance under the contract. Under federal law interpreting similar clauses, a cost incurred "for the genuine purpose of materially furthering the negotiation process" may be recoverable, while a cost incurred "to promote the prosecution" of a claim is not.[10] The JV hired Jacobs & Associates to compile the REA in October 2006. The JV first provided notice of the claims that would form the REA to AMEC on May 31, 2007 (the date of substantial completion of the project), and stated that it was willing to participate in negotiations. AMEC responded two weeks later, stating that the JV had failed to comply with the Subcontract, and

---

[9] Findings of Fact, Conclusions of Law, Memorandum Opinion and Order, April 1, 2013 [Doc. 262] (the "April 1 Opinion") at 3.

[10] . *Tip-Top Constr., Inc. v. Donahoe*, 695 F.3d 1276, 1283-84 (Fed Cir. 2012) (quoting *Bill Strong Enterprises, Inc. v. Shannon*, 49 F.3d 1541, 1549-50 (Fed. Cir. 1995), *overruled on other grounds, Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (en banc)).

3

that there was no basis to consider the claims as performance was completed. The REA itself was submitted to AMEC on March 31, 2008, along with a settlement offer, which AMEC promptly rejected.[11] The Court finds that in this case, Plaintiff has not established that the costs were incurred for the genuine purpose of furthering negotiation, rather than to promote the prosecution of the claim. In this regard, the Court finds the timing particularly striking: first, the JV did not notify AMEC of the nature of the claims in the REA until substantial completion, and second, after AMEC unambiguously rejected the initial submission, the JV submitted the REA some nine months later along with a settlement demand. The JV has not shown that the parties were in the process of negotiations during any of the relevant time period. Instead, the JV simply cites repeatedly that under the decision in *Bill Strong*, it is entitled to a "strong legal presumption" that the consultant costs incurred before a claim is filed are allowable.[12] But as the court noted in *Bill Strong*, the facts in that case demonstrated that the parties "were consistently in a negotiation posture and . . . consultant costs were incurred as part of the exchange of information."[13] The JV has not shown that the parties here were in a similar posture, and therefore the REA costs are not recoverable.

**AND NOW**, this 3rd day of December 2014, upon consideration of the pending motions and the responses and replies thereto, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Approval of Special Master's Report and Recommendation [Doc. No. 309] is **GRANTED**. The Report and Recommendation is **ADOPTED**.

2. Defendant's untimely Motion for Extension of Time to Submit Objections [Doc. No. 310] is **DENIED**.

---

[11] April 1 Opinion at 20; Plff.'s Proposed Findings of Fact at ¶¶ 729-732, 747.

[12] *Bill Strong*, 49 F.3d at 1551.

[13] *Id.*

4

3.	Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for an Extension of Time to Submit Objections [Doc. No. 316] is **GRANTED**. The sur-reply attached as Exhibit A to the Motion is **DEEMED FILED**.

4.	Any motions for reconsideration shall be filed no later than **December 29, 2014.**

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe, J.
CYNTHIA M. RUFE, J.